IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHERYL SHERRY ANN MARTIN, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:17-cv-649-D-BN |
| NFN TRUMP, ET AL., | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Cheryl Sherry Ann Martin has filed a *pro se* action against, among others, the current and a former President of the United States. Her case has been referred to the undersigned United States magistrate judge for initial screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. And Martin has been granted leave to proceed *in forma pauperis*. *See* Dkt. No. 6.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Because Martin's complaint as filed, *see* Dkt. No. 3, did not comply with the applicable pleading standards, by setting out "facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly

events" that she contends entitle her to relief, *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)), the Court issued a notice of deficiency requiring that she file an amended complaint in compliance with Federal Rule of Civil Procedure 8 no later than April 7, 2017, *see* Dkt. No. 7. The Court provided Martin a form civil complaint. *See id.* But, instead of filing an amended complaint on the form provided by the court-established deadline, Martin filed two notices, on May 2 and May 9, 2017, *see* Dkt. Nos. 8 & 9, both of which fail to present claims that are plausible or allege facts that are coherent.

## Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within

a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Because, even after the Court afforded her an opportunity to amend, Martin has failed to present a logical set of facts to support any claim for relief, *see* Dkt. Nos. 3, 8, & 9, her complaint should be dismissed with prejudice.

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 10, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE